Matter of St. Paul (2026 NY Slip Op 00250)

Matter of Paul

2026 NY Slip Op 00250

Decided on January 21, 2026

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
HELEN VOUTSINAS, JJ.

2023-04887

[*1]In the Matter of Richard E. St. Paul, an attorney and counsel-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Richard E. St. Paul, respondent. (Attorney Registration No. 4146775)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 10, 2004.

Courtny Osterling, White Plains, NY, for petitioner.
Corrigan, McCoy & Bush, PLLC, Rensselear, NY (Scott W. Bush of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Ninth Judicial District commenced a formal disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by serving and filing a notice of petition and a verified petition, both dated May 11, 2023. The respondent filed a verified answer dated July 17, 2023. The Grievance Committee served and filed a statement of disputed and undisputed facts dated October 5, 2023, to which the respondent did not provide a response. By decision and order dated December 21, 2023, this Court, pursuant to 22 NYCRR 1240.8(b)(1), referred the matter to Lester B. Adler, as Special Referee, to hear and report. In a report dated October 17, 2024, the Special Referee sustained all four charges in the petition. By notice of motion dated November 25, 2024, the respondent moves to disaffirm the report of the Special Referee. The Grievance Committee cross-moves to confirm the Special Referee's report, deny the respondent's motion to disaffirm the Special Referee's report, and to impose such discipline upon the respondent as this Court deems just and proper.The Petition 
The verified petition alleges four charges of misconduct related to the respondent's representation of Raquel Ali in an article 78 proceeding concerning the termination of Ali's employment with the Yonkers Public School District. By order dated May 21, 2018, the Supreme Court, Westchester County, transferred the matter, pursuant to CPLR 7804(g), to the Appellate Division, Second Department. Thereafter, the matter was not perfected, and as such, was deemed dismissed without further order on November 21, 2018, pursuant to 22 NYCRR 1250.10(a).
On or about January 27, 2020, the respondent moved, inter alia, to vacate the dismissal of the proceeding. By decision and order dated June 1, 2020, this Court denied the respondent's motion. The respondent did not notify Ali of the same until on or about July 21, 2020, and only after Ali contacted the respondent about the matter.
As a result of the foregoing, the respondent was charged with (1) failing to act with reasonable diligence and promptness in representing a client, in violation of rule 1.3(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), (2) neglecting a legal matter that was entrusted to him, in violation of rule 1.3(b) of the Rules of Professional Conduct, and (3) failing to promptly inform his client of material developments in the matter, in violation of rule 1.4(a)(1)(iii) of the Rules of Professional Conduct.
The fourth charge alleges, in addition to the facts set forth above, that in the respondent's January 27, 2020 affirmation in support of the motion to vacate the dismissal of the proceeding, the respondent affirmed to this Court that the motion was being submitted "in a timely fashion within one year after the appeal was dismissed on November 21, 2018." As the respondent's affirmation was filed with this Court on or about January 27, 2020, it was not submitted within one year of November 21, 2018. As a result of the foregoing, the respondent was charged with knowingly making a false statement of fact and/or law to a tribunal, in violation of rule 3.3(a)(1) of the Rules of Professional Conduct.The Hearing Record 
On December 2, 2022, the respondent appeared for an examination under oath (hereinafter EUO). A prehearing conference was conducted on April 3, 2024, at which the respondent did not appear. A hearing was held on June 6, 2024, and continued on July 11, 2024. The Grievance Committee entered five exhibits into evidence and called one witness, Ali, to prove its case in chief. The respondent submitted 28 exhibits. The respondent testified on his own behalf and called four character witnesses, Richard Hoffman, Abraham Tejeda, Tony Payton, Jr., and Marco Rodriguez.
Ali testified to the facts surrounding the respondent's representation. Ali retained the respondent in September 2017 and paid the respondent a retainer fee, in installments, of approximately $5,000 to represent her in an article 78 wrongful termination proceeding. Ali testified that she made payments every two weeks, as she got paid, in order to satisfy the retainer. Once Ali's case was transferred to the Appellate Division, Second Department, the respondent failed to perfect the matter and her case was dismissed. Ali testified that the respondent did not provide her with any information regarding the status of her case. Ali received two emails from the respondent, one dated March 29, 2018, stating that he was waiting on this Court to provide a docket number, and one dated October 18, 2018, informing Ali that "it's a waiting game at this point" and that the respondent "will keep [her] posted." Both emails were in response to Ali asking for a status update on her case.
Ali testified that the respondent told her in October 2019 that her case was dismissed because he missed a deadline and that she should not worry because he could get the case back on the calendar. Ali testified that, at approximately the same time, the respondent contacted her asking if she wanted to interview for a job in his office. Although she sent several emails trying to schedule a time for an interview, she never interviewed for a position. Ali testified that she followed up in December 2019 and January 2020 to get an update on her case, but the respondent did not answer her questions or return her calls. Ali did not find out that the respondent's request to vacate the dismissal was denied until July 2020 and only after repeatedly asking the respondent for an update.
Ali filed a complaint with the Grievance Committee in September 2020 and asked the respondent for a refund of her retainer fee, but the respondent refused. Ali testified that the respondent requested that she withdraw her complaint and offered her $1,000 or $1,500 to do so. Ali felt disrespected by the offer and ultimately initiated a fee dispute arbitration proceeding. Ali testified that in August 2022, she received a judgment against the respondent for approximately $7,000 as a result of the arbitration proceeding. The respondent had not paid the judgment as of the time of the hearing.
The respondent testified that Ali sought his help in a wrongful termination proceeding against the City of Yonkers. Because Ali could not afford the respondent's full retainer, and based on the statute of limitations, he advised her to file the initial papers to commence the proceeding in the Supreme Court, Westchester County, so that, 'in case [Ali] did not pay [the respondent,] she would have at least been able to preserve her time. So, [he] did her a favor there. When she filed the papers, then [he] amended them for her." The respondent filed an amended petition once Ali had paid a substantial amount of the retainer.
The respondent testified that he received a decision from the Supreme Court, inter alia, transferring the matter to this Court. The proceeding was e-filed in the Supreme Court and the respondent assumed the case would remain electronically filed when it was transferred to this Court. [*2]The respondent testified that he was waiting to receive, electronically, a notification that a docket number had been assigned, but he did not recall ever receiving a docket number from this Court. The respondent testified that because he never received a docket number, he failed to perfect the matter.
The respondent testified that once he found out that the proceeding had been dismissed, he contacted Ali and told her what her options were to vacate the dismissal. During the EUO, the respondent testified that he did not believe there were any hard deadlines to file a motion to vacate the dismissal, that one could be filed at any time, and that it was all discretionary. The respondent filed the motion to vacate the dismissal on January 27, 2020, and upon it being denied, told Ali that this Court "declined to exercise their discretion and did not grant our request to restore the matter." The respondent testified that he originally had drafted his affirmation in support of the motion to vacate the dismissal in November 2019 but did not recall why it was not signed and filed until January 2020. The respondent testified that he had an injury to his wrist and had been out of the office. Once he was back in the office, the motion was filed. The respondent testified that he did not intend to mislead the Court with respect to the statements in his affirmation in support of the motion to vacate the dismissal and that he believed his statements were accurate at the time.
The respondent testified that he wanted to file another motion to vacate the dismissal, this time with an affidavit from Ali explaining additional information not provided in the initial motion. The second motion was never filed, as the respondent stated that he ended his representation of Ali after receiving an angry voicemail from her. The respondent did not return Ali's retainer fee.
In mitigation, the respondent testified that he had assisted Ali in answering questions about other legal matters she was facing. The respondent testified as to his charitable work, including membership in the New Rochelle NAACP since 2003, serving as "a legal redress" and a member of the executive committee. The respondent also testified as to his service on the New Rochelle City Council, the Westchester/Putnam Workforce Development Board, as the chairman of Community Capital of New York, as a senior advisor for the National Black Empowerment Action Fund, as the general counsel for the National Black Empowerment Council, on the Board of Directors for Westhab, and in the United States Army Reserves from 2000 to 2008.The Special Referee's Report 
The Special Referee sustained all four charges in the petition. The Special Referee found that the respondent's proffered explanations for his delay in perfecting the matter and for moving to vacate the dismissal "fall flat" and that the character witness testimony proffered "was favorable but far from compelling."
The Special Referee found in mitigation that the respondent served in the United States Army Reserves from 2000 to 2008. In aggravation, the Special Referee found that the respondent's "explanations for his actions in the Ali matter are far from persuasive" and that "[h]is explanation, while defying plausibility, does go to show that he was aware of the applicable timeline required."
The respondent now moves to disaffirm the report of the Special Referee, asserting that the Special Referee erred in finding that the Grievance Committee had proven the charges against him. As to the first charge, the respondent states that he mistakenly was waiting for a docket number from this Court, alleges that he never received any notifications of a docket number being issued, and alleges that he was not informed that the proceeding was dismissed. As to the second charge, the respondent contends that the fact that Ali's case was dismissed does not equate to the respondent being neglectful, as he asserts he had numerous communications with Ali about the matter. In addition, the respondent attempted, unsuccessfully, to have Ali's matter restored. As to the third charge, the respondent contends that he informed Ali that her case was dismissed approximately two months after the dismissal and asserts that Ali was not harmed by the two-month delay. As to the fourth charge, the respondent asserts that he made a mistake and did not knowingly make a false statement of fact or law to this Court.
The respondent requests that if this Court affirms the Special Referee's report, a sanction no greater than a public censure be imposed. The respondent requests this Court consider his prior public service and charitable work, evidence of the respondent's good character, his remorse, that he satisfied the arbitration judgment on or around December 19, 2024, and that the misconduct related to one client and one legal matter.
The Grievance Committee cross-moves to confirm the Special Referee's report, to deny the respondent's motion to disaffirm, and to impose such discipline upon the respondent as this [*3]Court deems just and proper. The Grievance Committee asserts that the respondent's misconduct is aggravated significantly by his disciplinary history, as the respondent has received three admonitions involving similar misconduct, including a lack of candor and failing to communicate with clients. Further, the Grievance Committee contends that additional aggravating factors include that the respondent's client was harmed, in that Ali lost the opportunity for her case to be heard, that the respondent failed to refund any portion of Ali's retainer fee despite being directed to do so in the fee dispute arbitration proceeding and a judgment being entered against him, and that the respondent failed to accept responsibility for his misconduct or demonstrate remorse.Findings and Conclusion 
In view of the evidence adduced at the hearing, we find that the Special Referee properly sustained all four charges in the petition. Accordingly, the respondent's motion to disaffirm the Special Referee's report is denied. The Grievance Committee's cross-motion to confirm the Special Referee's report is granted.
In determining the appropriate measure of discipline, the respondent is steadfast in his belief that his conduct did not violate the Rules of Professional Conduct and requests a sanction no greater than a public censure. Notwithstanding the mitigation advanced and that this matter involved one client, we find that the respondent's actions were volitional, that the respondent demonstrates a pattern and practice of neglecting client matters, and that the respondent demonstrates a lack of candor. Additionally, we consider in further aggravation that the respondent failed to satisfy the judgment with respect to Ali's retainer fee until well after the disciplinary hearing, that the respondent showed a lack of remorse, and that the respondent offered Ali money to withdraw her disciplinary complaint.
Under the totality of the circumstances, we find that the respondent's conduct warrants a suspension from the practice of law for a period of two years.
LASALLE, P.J., DILLON, DUFFY, BARROS and VOUTSINAS, JJ., concur.
ORDERED that the respondent's motion to disaffirm the Special Referee's report is denied; and it is further,
ORDERED that the Grievance Committee's cross-motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Richard E. St. Paul, is suspended from the practice of law for a period of two years, commencing February 21, 2026, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than August 20, 2027. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Richard E. St. Paul, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Richard E. St. Paul, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Richard E. St. Paul, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court